

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:04-CR-91** |
| | § | |
| **VAUGHN ALLEN MONROE** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Vaughn Allen Monroe, violated conditions of supervised release imposed by United States District Judge Thad Hearfield. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #297) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on August 5, 2015, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On March 15, 2006, the Honorable Thad Heartfield sentenced Vaughn Allen Monroe after he pled guilty to the offense of money laundering, a Class C felony. The Court sentenced the defendant to 240 months imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On November 12, 2010, Judge Heartfield amended Mr. Monroe's sentence, reducing the prison term to 132 months. On September 26, 2014, Vaughn Allen Monroe completed his period of imprisonment and began service of the supervision term.

**B. Allegations in Petition**

The United States alleges that the defendant violated a standard condition of supervised release by failing to report to the probation officer and failing to submit a truthful and complete written report within the first five days of each month. Specifically, the petition alleges that on September 26, 2014, U.S. Probation Officer Derek Glover instructed Vaughn Allen Monroe to report to the probation office and submit a truthful and complete written report within the first five days of each month. The petition further states that Mr. Monroe failed to report to the probation office and submit a truthful and complete report by October 5, 2014, as instructed.

**C. Evidence presented at Hearing**

At the hearing, the Government proffered evidence supporting the allegations in the petition. Specifically, if the case were called for a final contested revocation hearing, the Government would establish that on September 26, 2014, the United States Probation Office instructed Mr. Monroe to report to the probation office and submit a written report within the first five days of each month. Evidence would show that Monroe failed to report as directed by October 5, 2014.

Defendant, Vaughn Allen Monroe, offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he failed to report as directed in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to report as directed.

–3–

If the Court finds that Mr. Monroe violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied* 132 S. Ct. 496 (2011) (discussing application of "plainly unreasonable" standard post-*Booker*); *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

his supervision conditions.  The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by failing to report as directed.  The defendant knowingly and voluntarily pled true to this conduct.

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. The Government deferred to the recommendation of the United States Probation Office.   The Probation Office requested a revocation sentence at the high range of the Guidelines - eleven (11) months imprisonment.  The defendant deferred to the Court on sentencing.

The record in this matter reflects Mr. Monroe's lengthy criminal history.  The Probation Office submitted documents showing that he is currently serving a six-year sentence in the Texas Department of Corrections for an October 21, 2014, felony conviction in Harris County.   He was also released on both the federal supervision term and a state parole sentence at the time he committed the new state felony offense.  Monroe also has exhibited a long history of mental illness, reflected both in the probation office's documents and by the court-ordered psychological evaluation in this matter to determine his competency.  The Court is unpersuaded that a lengthy prison term for the revocation will aid Mr. Monroe in addressing this issues or curb any further illegal activity.  He is currently serving a state prison sentence, and is likely to be released on a term of parole during which he will receive supervision.  The Court finds that additional time in federal prison will only compound Mr. Monroe's problems at this point.

Accordingly, after considering the circumstances of the case and the evidence presented, and

applicable sentencing factors set forth in 18 U.S.C. § 3553[2], the Court finds that a revocation at the low end of the Guideline range will adequately address the supervision violation in this matter. Mr. Monroe is already incarcerated in state custody, and the Court finds it unnecessary to extend this incarceration term in federal prison for more than what is appropriate under the lower range of the Guidelines.

The defendant violated his conditions of supervised release with the Grade C violation as stated *supra*. Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The Court also finds that a federal imprisonment term at the low end of the range suggested by the Guidelines is appropriate for Mr. Monroe's violation of his supervised release. The undersigned magistrate therefore recommends that the District Court order Defendant to serve a term of **five (5) months imprisonment** in the BOP this cause, with no further term of supervision to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs.*

---

[2]*See Miller*, 634 F.3d at 844(setting forth the provisions of Section 3553 which are applicable and inapplicable under 18 U.S.C. § 3583(a) for a district court to consider in imposing a modification or revocation of a supervised release term).

*Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of August, 2015.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE